# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| **DIAGO MONTAGE WILLIAMS,** | : | |
| Plaintiff, | : | |
| | : | NO. 5:10-CV-194 (MTT) |
| VS. | : | |
| | : | |
| **DAVID FRAZIER,** | : | |
| | : | Proceedings Under 42 U.S.C. §1983 |
| Defendant. | : | Before the U.S. Magistrate Judge |
| | : | |

## RECOMMENDATION

Defendant David Frazier has filed a Motion to Dismiss the above-captioned 42 U.S.C. §1983 action. Upon review of the arguments of the parties and of Plaintiff's Complaint, it is hereby **RECOMMENDED** that the Motion be **GRANTED**. As is explained more fully below, Plaintiff is not entitled to prospective injunctive relief because he has failed to plead facts establishing an underlying violation of his constitutional rights.

In his Complaint, Plaintiff claims that he received inadequate medical treatment for a back injury. On review of a motion to dismiss, the facts alleged in the Complaint are accepted as true, with all reasonable inferences drawn in favor of the Plaintiff. Because Plaintiff is proceeding *pro se*, his Complaint is liberally construed. See Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003). The Complaint alleges that Plaintiff slipped, fell, and injured his back while assisting in the cleanup of a flood in his dormitory on May 15, 2008. The following day, Plaintiff complained of back pain and was sent to the prison's medical unit. During this visit to medical department, the Plaintiff was x-rayed, given ibuprofen, and then returned to his dorm. On May 19, 2008, in response to his complaints of severe back pain, the Plaintiff was sent back to medical where he was examined, given a muscle relaxer, and put on bed rest. On July 30, 2008, and in response to his continued

1

complaints of back pain, the Plaintiff was prescribed Percogesic. On August 7, 2008, the Plaintiff was sent to Augusta State Medical Prison where he underwent an MRI. Following this procedure, he was returned to WSP and once again prescribed Tylenol.

The only claim remaining in this case is a claim for prospective injunctive relief against Defendant David Frazier, the current warden of WSP. All other claims were dismissed pursuant to 28 U.S.C. § 1915, upon the District Court's adoption of a Recommendation by the United States Magistrate Judge. Doc. 15. The Recommendation observed that the facts alleged in the Complaint failed to state a claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment, noting that the Complaint alleged, at most, a claim for negligence or medical malpractice. Doc. 5, p. 3.

The remaining claim for prospective injunctive relief should also be dismissed, because there is no underlying constitutional violation to be remedied by such relief. The requirements for granting prospective relief in this case are set forth in 18 U.S.C.A. § 3626, which provides that:

> Prospective relief in any civil action with respect to prison conditions **shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs**. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C.A. § 3626(a)(1)(A) (emphasis added). In accordance with that statute, it is clear that, before an order granting prospective relief may issue, a present violation of a Federal right of a particular plaintiff or plaintiffs must be established. In other words, absent a showing of a violation in need of correction, orders granting prospective relief serve no purpose and, as such, are improper.

As was discussed in the first Order and Recommendation, the allegations contained in the Complaint fail to state a claim for violation of the Eight Amendment against any of the originally named defendants. In addition failing to state a claim against any of the originally named defendants, the allegations are also insufficient to establish that the Plaintiff is presently experiencing any violations of his Federal rights as a result of the conduct of the remaining defendant or any other state official. To prove a claim for inadequate medical treatment, a plaintiff must show more than mere negligence or even malpractice, but must show that the response was "poor enough to constitute 'an unnecessary and wanton infliction of pain.'" Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000)(quoting Estelle v. Gamble, 429 U.S. 97, 105 (1976)). Plaintiff's Complaint shows that he was afforded extensive medical attention, including an x-ray, an MRI, various pain medications, and bed rest. Plaintiff's claim, then, amounts to little more than an disagreement about the appropriate treatment for his injury. The facts as alleged do not support a finding of deliberate indifference. In the absence of any facts to show that Plaintiff's Federal rights have been or are presently being violated, Plaintiff is not entitled to the prospective relief he demands.

Accordingly, **IT IS RECOMMENDED** that Defendant Frazier's Motion to Dismiss be **GRANTED** and that this action be **DISMISSED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 28th day of December, 2010.

                                              s/ Charles H. Weigle
                                              Charles H. Weigle
                                              United States Magistrate Judge